# 11 CIV 6853

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK



---

TERRY KLEIN derivatively on behalf of
PATRIOT COAL CORPORATION,

    Plaintiff,

               v.

CITIGROUP, INC. and PATRIOT COAL
CORPORATION,

    Defendants.

---

Civil Action No.

---

## COMPLAINT

Plaintiff, Terry Klein ("Klein"), by her attorneys, Bragar Wexler Eagel & Squire, P.C. and Ostrager Chong Flaherty & Broitman P.C., complaining of defendants, alleges upon information and belief as to all paragraphs except paragraph 1, as follows:

1.    Plaintiff Klein is a New York resident who is the owner of Common Stock of Patriot Coal Corporation ("Patriot Coal" or the "Company").

2.    Patriot Coal, a nominal defendant herein, is a Delaware corporation, with its principal place of business at 12312 Olive Boulevard, Suite 400, St. Louis, Missouri 63141.

3.    Defendant Citigroup, Inc. ("Citigroup") is a Delaware Corporation, with its principal place of business at 399 Park Avenue, New York, New York 10022.

## Jurisdiction and Venue

4.      This action is brought derivatively on behalf of Patriot Coal pursuant to §16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. §78p ("§16(b)" or "Section 16(b)"), to obtain disgorgement of profits obtained by Citigroup in violation of that statute.  Jurisdiction of this court and venue in this district are proper pursuant to 15 U.S.C. §78(a)(a).

## The Governing Law

5.      Section 16(b) of the Exchange Act provides that if a person, while beneficially owning more than 10 percent of a class of equity securities of an issuer, purchases and sells or sells and purchases shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing derivatively on its behalf.

6.      Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in § 13(d)(3) of the Exchange Act, such persons are deemed to be a "group" for purposes of determining §16(b) liability.  Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation.  If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be

a greater than 10% beneficial owner and is liable to disgorge profits which such group

member earned in stock transactions effected within a six-month period.

### Citigroup's Group Activities

7.      On or about August 1, 2008, ArcLight Energy Partners Fund I,

L.P. ("ArcLight Fund I"), ArcLight Energy Partners Fund II, L.P. (ArcLight Fund

II")(collectively, the "ArcLight Funds"), Citigroup, the Citigroup Entities (as defined

below), and other associated persons (collectively, the "Group Members" or "Group"),

filed a Schedule 13D with the Securities and Exchange Commission reporting holdings in

the Company, and their status as a group under §§ 13(d)(3) and 16(b) of the Exchange

Act.

8.      The Schedule 13D disclosed that ArcLight Funds and other Group

Members transferred ownership interest in Magnum Coal Company to Patriot pursuant to

a Merger Agreement, described below, in exchange for 11,901,656 shares of Patriot

Common Stock, which represents substantially in excess of 10% ownership of the

Company.

9.      The Schedule 13D further disclosed that Citigroup, through a

number of entities it owned or controlled (the "Citigroup Entities"), acquired 1,711,876

shares of Patriot Common Stock in open market transactions, which represent 1.9%

ownership of the Company.   The Citigroup Entities are Citigroup Capital Partners II

2006, Citigroup Investment, L.P., Citigroup Capital Partners II Employee Master Fund,

L.P., Citigroup Capital Partners II Onshore, L.P., Citigroup Capital Partners II Cayman

Holdings, L.P., Citigroup Private Equity LP, Citigroup Alternative Investments LLC and

Citigroup Investments Inc. Citigroup is the beneficial owner of all shares held and/or traded by any of the Citigroup Entities pursuant to SEC Rule 16a-1(a)(2).

## The Merger Agreement

10.     On April 2, 2008, Patriot Coal, Magnum Coal Company ("Magnum"), Colt Merger Corporation, a wholly owned subsidiary of Patriot Coal ("Merger Sub"), and ArcLight Fund I, and ArcLight Fund II, acting jointly, as stockholder representative (the "Stockholder Representative"), entered into the Agreement and Plan of Merger (the "Merger Agreement").

11.     On July 23, 2008, Merger Sub was merged with and into Magnum (the "Merger").  Pursuant to the Merger, Magnum became a wholly owned subsidiary of Patriot Coal and all of the shares of common stock of Magnum were converted into the right to receive shares of Patriot Coal Common Stock in accordance with the Merger Agreement.  A copy of the Merger Agreement is attached to the Form 8-K filed by the Company on April 8, 2008 with the Securities and Exchange Commission.

12.     In connection with execution of the Merger Agreement, Patriot Coal and Group Members, including Citigroup and the Citigroup Entities, entered into a Voting and Standstill Agreement (the "Voting Agreement"), dated as of April 2, 2008 that became effective at the time of the Merger.

13.     Pursuant to the Voting Agreement, effective as of the Merger date, Patriot Coal's board of directors was expanded from seven to nine members and the board of directors appointed two nominees designated by the Stockholder Representative.

4

14.     Under the terms of the Voting Agreement, so long as the Stockholder Representative is entitled to nominate any member to Patriot Coal's board, all members of the Group who are signatories are obligated to vote for all nominees recommended for election by Patriot Coal's board of directors.

15.     The Stockholder Representative, acting on behalf of the Group, continues to exercise the contractual right to name two directors to Patriot Coal's board of directors, which act as representatives for the Group.

16.     As a Group Member, Citigroup and the Citigroup Entities have acted with the "purpose or effect of changing or influencing control" of Patriot Coal by entering into the Merger and joining in the Voting Agreement, and are not eligible for exclusion from Section 13(d) beneficial ownership status. *See* SEC Rules 13d-3(b) and 16a-1(a)(1) promulgated under the Act.

## Short-Swing Transactions

17.     On February 11, 2010, the Group filed an Amendment No. 3 to the Schedule 13D ("Amendment No. 3") with the Securities and Exchange Commission. Amendment No. 3 disclosed that Citigroup and the Citibank Entities had purchased and sold or sold and purchased shares of Patriot Coal Common Stock during the period between November 30, 2009 and January 28, 2010.   The purchases and sales are detailed in Amendment No. 3 in Annex D (attached as Exhibit 1 hereto).

18.     As detailed in Annex D, during the period November 30, 2009 to January 28, 2010, Citigroup and the Citigroup Entities purchased 2,828,137 shares, more or less, of the Common Stock of Patriot Coal.   During this same period, Citigroup and the Citigroup Entities sold 3,690,820 shares of the Common Stock.   The foregoing sales

transactions included trades within the six month statutory period at prices in excess of the disclosed purchase transactions.

19.     The foregoing purchase and sale transactions, which were effected within periods of less than six months, may be matched each against the others using the "lowest-in, highest-out" method to compute short-swing profits under the statute.

20.     Upon information and belief, Citigroup and the Citigroup Entities failed to file Forms 4 fully reporting the transactions and, accordingly plaintiff is unable to determine the amount of disgorgeable short-swing profits.   However, plaintiff estimates short-swing profits of between $8 million and $14 million.

### As and For a First Claim For Relief

21.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22.     At all relevant times, Citigroup and each of the Citigroup Entities was a greater than 10% beneficial owner of the Company's Common Stock.

23.     Under Section 16(b), the purchase and sale transactions by the Citigroup and the Citigroup Entities disclosed in Amendment No. 3 are matchable and yield short-swing profits of between $8 million and $14 million, which must be disgorged to the Company as required by Section 16(b) of the Exchange Act.

24.     In addition, the Citigroup and the Citigroup Entities may have made additional purchases and sales of Company Common Stock which may lead to additional profits as to which plaintiff is now unaware, and must be disgorged to the Company.

**Allegations As To Demand**

25.     On March 22, 2010, plaintiff made demand upon Patriot Coal to commence this lawsuit.  The Company declined to pursue the claims asserted herein.


**WHEREFORE**, plaintiff demands judgment on behalf of Patriot Coal Corporation against Citigroup, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

New York, New York
September 27, 2011


Yours, etc.

BRAGAR WEXLER EAGEL
  &  SQUIRE, P.C.


By: _____
    Paul D. Wexler  (PW9340)

885 Third Avenue
New York, New York 10022
(212) 308-5858


OSTRAGER CHONG FLAHERTY
  & BROITMAN P.C.

570 Lexington Avenue
New York, New York 10022
(212) 681-0600


Attorneys for Plaintiff

# EXHIBIT 1

Case 1:11-cv-06853-PAE    Document 1    Filed 09/29/11    Page 9 of 73

**SECURITIES AND EXCHANGE COMMISSION**
**WASHINGTON, D.C. 20549**

**SCHEDULE 13D**
**Under the Securities Exchange Act of 1934**
(Amendment No.3)[1]

**Patriot Coal Corporation**
*(Name of Issuer)*

Common Stock, $0.01 par value per share
*(Title of Class of Securities)*

70336T 10 4
*(CUSIP Number)*

John A. Tisdale, Esq.
General Counsel
ArcLight Capital Holdings, LLC
200 Clarendon Street, 55th Floor
Boston, MA 02117
Telephone: (617) 531−6300
*(Name, Address and Telephone Number of Person
Authorized to Receive Notices and Communications)*

January 29, 2010
*(Date of Event which Requires Filing of this Statement)*

If the filing person has previously filed a statement on Schedule 13G to report the acquisition that is the subject of this Schedule 13D, and is filing this schedule because of §§ 240.13d-1(e), 13d-1(f) or 240.13d-1(g), check the following box [  ].

*Note:* Schedules filed in paper format shall include a signed original and five copies of the schedule, including all exhibits. *See* Rule 13d-7 for other parties to whom copies are to be sent.

[1] The remainder of this cover page shall be filled out for a reporting person's initial filling on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter the disclosures provided in a prior cover page.

The information required on the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934, as amended (the "Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

1

## SCHEDULE 13D

| CUSIP No. | 70336T 10 4 | Page Pages | 2 | of | 65 |
|-----------|-------------|------------|---|----|----|

| 1 | NAME OF REPORTING PERSON<br><br>ArcLight Energy Partners Fund I, L.P. | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | (a) ☐<br>(b) ☒ | |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | ☐ | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware | | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER | |
|---|---|---|---|
| | 8 | SHARED VOTING POWER<br>7,275,686 | |
| | 9 | SOLE DISPOSITIVE POWER | |
| | 10 | SHARED DISPOSITIVE POWER<br>7,275,686 | |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>7,275,686 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>8.1% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br><br>PN | |

2

## SCHEDULE 13D

| CUSIP No. <u>70336T 10 4</u> | Page <u>3</u> of <u>65</u> Pages |
|---|---|

| 1 | NAME OF REPORTING PERSON<br><br>ArcLight Energy Partners Fund II, L.P. | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | | (a) ☐<br>(b) ☒ |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | | ☐ |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware | | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER | |
|---|---|---|---|
| | 8 | SHARED VOTING POWER<br>5,826,141 | |
| | 9 | SOLE DISPOSITIVE POWER | |
| | 10 | SHARED DISPOSITIVE POWER<br>5,826,141 | |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>5,826,141 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>6.5% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br><br>PN | |

3

SCHEDULE 13D

| CUSIP No. <u>70336T 10 4</u> | | Page Pages | <u>4</u> | of | <u>65</u> |

| 1 | NAME OF REPORTING PERSON<br><br>ArcLight PEF GP, LLC | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | (a) ☐<br>(b) ☒ | |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | ☐ | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware | | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER | |
|---|---|---|---|
| | 8 | SHARED VOTING POWER<br>7,275,686* | |
| | 9 | SOLE DISPOSITIVE POWER | |
| | 10 | SHARED DISPOSITIVE POWER<br>7,275,686 | |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>7,275,686 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>8.1% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br>CO | |

*  Solely in its capacity as the general partner of ArcLight Energy Partners Fund I, L.P.

4

SCHEDULE 13D

| CUSIP No. <u>70336T 10 4</u> | | Page Pages | <u>5</u> | of | <u>65</u> |

| 1 | NAME OF REPORTING PERSON<br><br>ArcLight PEF GP II, LLC | | | |
|---|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | | (a) ☐<br>(b) ☒ | |
| 3 | SEC USE ONLY | | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | | ☐ | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware | | | |

| NUMBER OF<br>SHARES<br>BENEFICIALLY<br>OWNED BY<br>EACH<br>REPORTING<br>PERSON<br>WITH | 7 | SOLE VOTING POWER | |
|---|---|---|---|
| | 8 | SHARED VOTING POWER<br>5,826,141* | |
| | 9 | SOLE DISPOSITIVE POWER | |
| | 10 | SHARED DISPOSITIVE POWER<br>5,826,141 | |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>5,826,141 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>6.5% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br>CO | |

\*  Solely in its capacity as the general partner of ArcLight Energy Partners Fund II, L.P.

SCHEDULE 13D

| CUSIP No. <u>70336T 10 4</u> | | Page Pages | <u>6</u> | of | <u>65</u> |
|---|---|---|---|---|---|

| 1 | NAME OF REPORTING PERSON<br><br>ArcLight Capital Holdings, LLC | | | | | |
|---|---|---|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | | | | (a) ☐<br>(b) ☒ | |
| 3 | SEC USE ONLY | | | | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | | | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | | | | ☐ | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware | | | | | |
| NUMBER OF<br><br>SHARES<br><br>BENEFICIALLY<br><br>OWNED BY<br><br>EACH<br><br>REPORTING<br><br>PERSON<br><br>WITH | 7 | SOLE VOTING POWER | | | | |
| | 8 | SHARED VOTING POWER<br>13,101,827* | | | | |
| | 9 | SOLE DISPOSITIVE POWER | | | | |
| | 10 | SHARED DISPOSITIVE POWER<br>13,101,827 | | | | |
| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>13,101,827 | | | | | |
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | | | | ☒ | |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>14.5% | | | | | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br><br>CO | | | | | |

\* Solely in its capacity as the manager of ArcLight PEF GP, LLC, the general partner of ArcLight Energy Partners Fund I, L.P. and ArcLight PEF GP II, LLC, the general partner of ArcLight Energy Partners Fund II, L.P.

6

## SCHEDULE 13D

| CUSIP No. 70336T 10 4 | Page Pages | 7 | of | 65 |
|---|---|---|---|---|

| 1 | NAME OF REPORTING PERSON  Daniel R. Revers* | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | (a) ☐  (b) ☒ | |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)  OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | ☐ | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION  United States | | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER | |
|---|---|---|---|
| | 8 | SHARED VOTING POWER  13,101,827* | |
| | 9 | SOLE DISPOSITIVE POWER | |
| | 10 | SHARED DISPOSITIVE POWER  13,101,827 | |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON  13,101,827 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)  14.5% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)  IN | |

\* Solely in his capacity as the manager of ArcLight Capital Holdings, LLC, the manager of ArcLight PEF GP, LLC which is the general partner of ArcLight Energy Partners Fund I, L.P. and ArcLight PEF GP II, LLC, the general partner of ArcLight Energy Partners Fund II, L.P. Mr. Revers disclaims beneficial ownership of the shares of Common Stock held by the ArcLight Funds, except to the extent of his pecuniary interest in such funds.

SCHEDULE 13D

| CUSIP No. <u>70336T 10 4</u> | | Page Pages | <u>8</u> | of | <u>65</u> |
|---|---|---|---|---|---|

| 1 | NAME OF REPORTING PERSON<br><br>Robb E. Turner* | | | | |
|---|---|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | | | (a) ☐<br>(b) ☒ | |
| 3 | SEC USE ONLY | | | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | | | ☐ | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>United States | | | | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER | |
|---|---|---|---|
| | 8 | SHARED VOTING POWER<br>13,101,827* | |
| | 9 | SOLE DISPOSITIVE POWER | |
| | 10 | SHARED DISPOSITIVE POWER<br>13,101,827 | |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>13,101,827 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>14.5% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br>IN | |

* Solely in his capacity as the manager of ArcLight Capital Holdings, LLC, the manager of ArcLight PEF GP, LLC which is the general partner of ArcLight Energy Partners Fund I, L.P. and ArcLight Energy Partners Fund II, L.P. Mr. Turner disclaims beneficial ownership of the shares of Common Stock held by the ArcLight Funds, except to the extent of his pecuniary interest in such funds.

8

SCHEDULE 13D

| CUSIP No. 70336T 10 4 | Page Pages | 9 | of | 65 |

| 1 | NAME OF REPORTING PERSON<br><br>John F. Erhard* | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | (a) ☐<br>(b) ☒ | |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | ☐ | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>United States | | |

| NUMBER OF<br>SHARES<br>BENEFICIALLY<br>OWNED BY<br>EACH<br>REPORTING<br>PERSON<br>WITH | 7 | SOLE VOTING POWER |
|---|---|---|
| | 8 | SHARED VOTING POWER<br>13,101,827* |
| | 9 | SOLE DISPOSITIVE POWER |
| | 10 | SHARED DISPOSITIVE POWER<br>13,101,827 |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>13,101,827 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>14.5% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br>IN | |

* Solely in his capacity as a principal of ArcLight Capital Holdings, LLC, the manager of ArcLight PEF GP, LLC which is the general partner of ArcLight Energy Partners Fund I, L.P. and ArcLight Energy Partners Fund II, L.P. Mr. Erhard disclaims beneficial ownership of the shares of Common Stock held by the ArcLight Funds, except to the extent of his pecuniary interest in such funds.

9

## SCHEDULE 13D

| CUSIP No. 70336T 10 4 | Page Pages | 10 | of | 65 |
|---|---|---|---|---|

| 1 | NAME OF REPORTING PERSON<br><br>Caisse de Dépôt et Placement du Québec | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | | (a) ☐<br>(b) ☒ |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | | ☐ |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Québec, Canada | | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER<br>1,691,091 |
|---|---|---|
| | 8 | SHARED VOTING POWER |
| | 9 | SOLE DISPOSITIVE POWER<br>1,691,091 |
| | 10 | SHARED DISPOSITIVE POWER |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>1,691,091 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>1.9% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br><br>OO | |

10

SCHEDULE 13D

| CUSIP No. 70336T 10 4 | | Page Pages | 11 | of | 65 |

| 1 | NAME OF REPORTING PERSON Cascade Investment, L.L.C. | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | (a) ☐ (b) ☒ | |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions) OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e)  ☐ | | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION Washington | | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER 2,391,231[1] |
|---|---|---|
| | 8 | SHARED VOTING POWER |
| | 9 | SOLE DISPOSITIVE POWER 2,391,231[1] |
| | 10 | SHARED DISPOSITIVE POWER |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON 2,391,231 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions)  ☒ | |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11) 2.6% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions) OO | |

[1]  All shares of Common Stock held by Cascade Investment, L.L.C. ("Cascade") may be deemed to be beneficially owned by William H. Gates III as the sole member of Cascade.

11

SCHEDULE 13D

| CUSIP No. <u>70336T 10 4</u> | | Page Pages | <u>12</u> | of | <u>65</u> |
|---|---|---|---|---|---|

| 1 | NAME OF REPORTING PERSON<br><br>William H. Gates III | | | |
|---|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | | (a) ☐<br>(b) ☒ | |
| 3 | SEC USE ONLY | | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | | ☐ | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>United States | | | |

| NUMBER OF<br><br>SHARES<br><br>BENEFICIALLY<br><br>OWNED BY<br><br>EACH<br><br>REPORTING<br><br>PERSON<br><br>WITH | 7 | SOLE VOTING POWER<br>2,391,231[1] |
|---|---|---|
| | 8 | SHARED VOTING POWER |
| | 9 | SOLE DISPOSITIVE POWER<br>2,391,231[1] |
| | 10 | SHARED DISPOSITIVE POWER |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>2,391,231 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>2.6% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br>IN | |

(1)  All shares of Common Stock held by Cascade Investment, L.L.C. ("Cascade") may be deemed to be beneficially owned by William H. Gates III as the sole member of Cascade.

SCHEDULE 13D

| CUSIP No. 70336T 10 4 | | Page Pages | 13 | of | 65 |

| 1 | NAME OF REPORTING PERSON<br><br>Citigroup Capital Partners II 2006 Citigroup Investment, L.P. | | | | | |
|---|---|---|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | | | (a) ☐<br>(b) ☒ | | |
| 3 | SEC USE ONLY | | | | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | | | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | | | ☐ | | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware | | | | | |

| NUMBER OF<br><br>SHARES<br><br>BENEFICIALLY<br><br>OWNED BY<br><br>EACH<br><br>REPORTING<br><br>PERSON<br><br>WITH | 7 | SOLE VOTING POWER | |
|---|---|---|---|
| | 8 | SHARED VOTING POWER<br>491,619 | |
| | 9 | SOLE DISPOSITIVE POWER | |
| | 10 | SHARED DISPOSITIVE POWER<br>491,619 | |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>491,619 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>0.5% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br><br>PN | |

13

SCHEDULE 13D

| CUSIP No. <u>70336T 10 4</u> | | Page Pages | <u>14</u> | of | <u>65</u> |
|---|---|---|---|---|---|

| 1 | NAME OF REPORTING PERSON<br><br>Citigroup Capital Partners II Employee Master Fund, L.P. | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | (a) ☐<br>(b) ☒ | |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | ☐ | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware | | |

| NUMBER OF<br>SHARES<br>BENEFICIALLY<br>OWNED BY<br>EACH<br>REPORTING<br>PERSON<br>WITH | 7 | SOLE VOTING POWER | |
|---|---|---|---|
| | 8 | SHARED VOTING POWER<br>552,225 | |
| | 9 | SOLE DISPOSITIVE POWER | |
| | 10 | SHARED DISPOSITIVE POWER<br>552,225 | |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>552,225 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>0.6% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br><br>PN | |

14

SCHEDULE 13D

| CUSIP No. 70336T 10 4 | Page Pages | 15 | of | 65 |

| 1 | NAME OF REPORTING PERSON<br><br>Citigroup Capital Partners II Onshore, L.P. | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | (a) ☐<br>(b) ☒ | |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | ☐ | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware | | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER | |
|---|---|---|---|
| | 8 | SHARED VOTING POWER<br>249,314 | |
| | 9 | SOLE DISPOSITIVE POWER | |
| | 10 | SHARED DISPOSITIVE POWER<br>249,314 | |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>249,314 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>0.3% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br><br>PN | |

15

SCHEDULE 13D

| CUSIP No. <u>70336T 10 4</u> | | Page Pages | <u>16</u> | of | <u>65</u> |
|---|---|---|---|---|---|

| 1 | NAME OF REPORTING PERSON<br><br>Citigroup Capital Partners II Cayman Holdings, L.P. | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | (a) ☐<br>(b) ☒ | |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | ☐ | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Cayman Islands | | |

| NUMBER OF<br>SHARES<br>BENEFICIALLY<br>OWNED BY<br>EACH<br>REPORTING<br>PERSON<br>WITH | 7 | SOLE VOTING POWER |
|---|---|---|
| | 8 | SHARED VOTING POWER<br>312,382 |
| | 9 | SOLE DISPOSITIVE POWER |
| | 10 | SHARED DISPOSITIVE POWER<br>312,382 |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>312,382 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>0.3% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br><br>PN | |

16

SCHEDULE 13D

| CUSIP No. <u>70336T 10 4</u> | Page <u>17</u> of <u>65</u> Pages |
|---|---|

| 1 | NAME OF REPORTING PERSON<br><br>Citigroup Private Equity LP | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | | (a) ☐<br>(b) ☒ |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | | ☐ |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware | | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER |
|---|---|---|
| | 8 | SHARED VOTING POWER<br>1,605,540 |
| | 9 | SOLE DISPOSITIVE POWER |
| | 10 | SHARED DISPOSITIVE POWER<br>1,605,540 |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>1,605,540 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>1.8% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br><br>PN | |

17

## SCHEDULE 13D

| CUSIP No. <u>70336T 10 4</u> | Page <u>18</u> of <u>65</u> Pages |
|---|---|

| 1 | NAME OF REPORTING PERSON<br><br>Citigroup Alternative Investments LLC | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | | (a) ☐<br>(b) ☒ |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | | ☐ |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware | | |

| NUMBER OF<br>SHARES<br>BENEFICIALLY<br>OWNED BY<br>EACH<br>REPORTING<br>PERSON<br>WITH | 7 | SOLE VOTING POWER | |
|---|---|---|---|
| | 8 | SHARED VOTING POWER<br>1,605,540 | |
| | 9 | SOLE DISPOSITIVE POWER | |
| | 10 | SHARED DISPOSITIVE POWER<br>1,605,540 | |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>1,605,540 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>1.8% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br><br>IA | |

18

## SCHEDULE 13D

| CUSIP No. <u>70336T 10 4</u> | Page <u>19</u> of <u>65</u> Pages |
|---|---|

| 1 | NAME OF REPORTING PERSON<br><br>Citigroup Investments Inc. | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | | (a) ☐<br>(b) ☒ |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | | ☐ |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware | | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER |
|---|---|---|
| | 8 | SHARED VOTING POWER<br>1,605,540 |
| | 9 | SOLE DISPOSITIVE POWER |
| | 10 | SHARED DISPOSITIVE POWER<br>1,605,540 |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>1,605,540 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>1.8% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br><br>HC | |

19

## SCHEDULE 13D

| CUSIP No. <u>70336T 10 4</u> | | Page Pages | <u>20</u> | of | <u>65</u> |
|---|---|---|---|---|---|

| 1 | NAME OF REPORTING PERSON<br><br>Citigroup Inc. | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | (a) ☐<br>(b) ☒ | |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | ☒ | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware | | |

| NUMBER OF<br>SHARES<br>BENEFICIALLY<br>OWNED BY<br>EACH<br>REPORTING<br>PERSON<br>WITH | 7 | SOLE VOTING POWER | |
|---|---|---|---|
| | 8 | SHARED VOTING POWER<br>1,711,876* | |
| | 9 | SOLE DISPOSITIVE POWER | |
| | 10 | SHARED DISPOSITIVE POWER<br>1,711,876* | |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>1,711,876* | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>1.9% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br><br>HC | |

\* Includes shares held by the other Citigroup Entities.

## SCHEDULE 13D

| CUSIP No. <u>70336T 10 4</u> | Page    21    of    65 Pages |
|---|---|

| 1 | NAME OF REPORTING PERSON<br><br>Howard Hughes Medical Institute | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | | (a) ☐<br>(b) ☒ |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | | ☐ |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware | | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER<br>1,595,715 |
|---|---|---|
| | 8 | SHARED VOTING POWER |
| | 9 | SOLE DISPOSITIVE POWER<br>1,595,715 |
| | 10 | SHARED DISPOSITIVE POWER |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>1,595,715 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>1.8% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br><br>CO | |

SCHEDULE 13D

| CUSIP No. <u>70336T 10 4</u> | Page <u>22</u> of <u>65</u> Pages |
|---|---|

| 1 | NAME OF REPORTING PERSON<br><br>The Northwestern Mutual Life Insurance Company | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | | (a) ☐<br>(b) ☒ |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | | ☐ |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Wisconsin | | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER<br>0 |
|---|---|---|
| | 8 | SHARED VOTING POWER |
| | 9 | SOLE DISPOSITIVE POWER<br>0 |
| | 10 | SHARED DISPOSITIVE POWER |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>0 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>0% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br><br>IC | |

22

SCHEDULE 13D

| CUSIP No. 70336T 10 4 | Page Pages | 23 | of | 65 |
| --- | --- | --- | --- | --- |

| 1 | NAME OF REPORTING PERSON<br><br>The Board of Trustees of the Leland Stanford Junior University | | |
| --- | --- | --- | --- |
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | (a) ☐<br>(b) ☒ | |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | ☐ | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>California | | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER<br>0 |
| --- | --- | --- |
| | 8 | SHARED VOTING POWER |
| | 9 | SOLE DISPOSITIVE POWER<br>0 |
| | 10 | SHARED DISPOSITIVE POWER |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>0 | |
| --- | --- | --- |
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>0% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br><br>EP | |

23

## SCHEDULE 13D

| CUSIP No. 70336T 10 4 | Page Pages | 24 | of | 65 |
|---|---|---|---|---|

| 1 | NAME OF REPORTING PERSON<br><br>Paul Vining | |
|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions) | (a) ☐<br>(b) ☒ |
| 3 | SEC USE ONLY | |
| 4 | SOURCE OF FUNDS (See Instructions)<br><br>OO | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) | ☐ |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>United States | |

| NUMBER OF<br>SHARES<br>BENEFICIALLY<br>OWNED BY<br>EACH<br>REPORTING<br>PERSON<br>WITH | 7 | SOLE VOTING POWER<br>286,805 |
|---|---|---|
| | 8 | SHARED VOTING POWER |
| | 9 | SOLE DISPOSITIVE POWER<br>286,805 |
| | 10 | SHARED DISPOSITIVE POWER |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>286,805 | |
|---|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) | ☒ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>0.3% | |
| 14 | TYPE OF REPORTING PERSON (See Instructions)<br><br>IN | |

24

This Amendment No. 3 relates to shares of Common Stock of Patriot Coal Corporation (the "Issuer").  This Amendment is being jointly filed pursuant to a joint filing agreement attached as Exhibit 99.6 to the Schedule 13D filed on August 1, 2008 (File No. 005-83427), as amended on August 18, 2008 and January 21, 2009, by the following persons (collectively, the "Reporting Persons"), to amend and supplement the Items set forth below: ArcLight Energy Partners Fund I, L.P. ("ArcLight Fund I"), ArcLight Energy Partners Fund II, L.P. ("ArcLight Fund II", and together with ArcLight Fund I, the "ArcLight Funds"), ArcLight PEF GP, LLC ("ArcLight PEF GP"), ArcLight PEF GP II, LLC ("ArcLight PEF GP II"), ArcLight Capital Holdings, LLC ("ArcLight Capital Holdings", and together with the ArcLight Funds, ArcLight PEF GP and ArcLight PEF GP II the "ArcLight Entities"), Daniel R. Revers ("Mr. Revers"), Robb E. Turner ("Mr. Turner"), John F. Erhard (Mr. Erhard"), Caisse de Dépôt et Placement du Québec ("Caisse"), Cascade Investment, L.L.C. ("Cascade"), William H. Gates III ("Mr. Gates"), Citigroup Capital Partners II 2006 Citigroup Investment, L.P. ("Citigroup Investment"), Citigroup Capital Partners II Employee Master Fund, L.P. ("Citigroup Employee Master Fund"), Citigroup Capital Partners II Onshore, L.P. ("Citigroup Onshore"), Citigroup Capital Partners II Cayman Holdings, L.P. ("Citigroup Cayman", and together with Citigroup Investment, Citigroup Employee Master Fund, Citigroup Onshore, the "Citigroup Funds") Citigroup Private Equity LP ("Citigroup PE") Citigroup Alternative Investments LLC ("CAI"), Citigroup Investments Inc. ("CII") and Citigroup Inc. ("Citigroup" and together with Citigroup Funds, CAI and CII, the "Citigroup Entities"), Howard Hughes Medical Institute ("HHMI"), The Northwestern Mutual Life Insurance Company ("Northwestern"), The Board of Trustees of the Leland Stanford Junior University ("Stanford University"), Paul Vining ("Mr. Vining"), Timothy Elliott ("Mr. Elliott"), David Turnbull ("Mr. Turnbull"), Richard Verheij ("Mr. Verheij"), Tom McQuade ("Mr. McQuade"), B. Scott Spears ("Mr. Spears"), Keith St. Clair ("Mr. St. Clair"), Robert Bennett ("Mr. Bennett"), and Dwayne Francisco ("Mr. Francisco").  Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Reporting Persons' Schedule 13D, as amended.

**Item 5.  Interest in Securities of the Issuer**

Item 5(a) and (b) of the Schedule 13D is hereby amended and supplemented in its entirety by adding the following:

As previously disclosed, pursuant to the Letter Agreement, as amended, as of February 11, 2010, certain of the Reporting Persons that are parties to the Letter Agreement delivered an aggregate of 166,547 shares of Common Stock to Mr. Vining in satisfaction of their obligations under the Letter Agreement.

Following the delivery of such shares pursuant to the Letter Agreement, as of February 11, 2010, (i) the Reporting Persons collectively may be deemed to be beneficially own 21,080,066 shares of Common Stock, representing approximately 23.3% of the outstanding shares of Common Stock (based on 90,323,753 shares of Common Stock reported by the Issuer as outstanding as of October 30, 2009) and (ii) the interests in the Common Stock of each of such Reporting Persons is as follows:

- ArcLight Fund I has the shared power to vote, direct the voting of, dispose of and direct the disposition of 7,275,686 shares of Common Stock, representing approximately 8.1% of the outstanding shares of Common Stock.  Such shares may be deemed to be owned beneficially (solely for the purposes of Rule 13d-3 under the Act) by ArcLight PEF GP and ArcLight Capital Holdings.

- ArcLight Fund II has the shared power to vote, direct the voting of, dispose of and direct the disposition of 5,826,141 shares of Common Stock, representing approximately 6.5% of the outstanding shares of Common Stock.  Such shares may be deemed to be owned beneficially (solely for the purposes of Rule 13d-3 under the Act) by ArcLight PEF GP II and ArcLight Capital Holdings.

- ArcLight PEF GP, as general partner of ArcLight Fund I, and ArcLight Capital Holdings as manager of ArcLight PEF GP, may be deemed to beneficially own the shares of Common Stock held by ArcLight Fund I.  ArcLight PEF GP II, as general partner of ArcLight Fund II, and ArcLight Capital Holdings as manager of ArcLight PEF GP II, may be deemed to beneficially

25

own the shares of Common Stock held by the ArcLight Funds. In addition, Messrs. Revers and Turner, as managers of ArcLight Capital Holdings may be deemed to beneficially own the shares of Common Stock held by the ArcLight Funds.

- Cascade has the sole power to vote, direct the voting of, dispose of and direct the disposition of 2,391,231 shares of Common Stock, representing approximately 2.6% of the outstanding shares of Common Stock.  All shares of Common Stock held by Cascade may be deemed to be beneficially owned by William H. Gates III as the sole member of Cascade.

- Caisse has the sole power to vote, direct the voting of, dispose of and direct the disposition of 1,691,091 shares of Common Stock, representing approximately 1.9% of the outstanding shares of Common Stock.

- Citigroup Investment has the shared power to vote, direct the voting of, dispose of and direct the disposition of 491,619 shares of Common Stock, representing approximately 0.5% of the outstanding shares of Common Stock.

- Citigroup Employee Master Fund has the shared power to vote, direct the voting of, dispose of and direct the disposition of 552,225  shares of Common Stock, representing approximately 0.6% of the outstanding shares of Common Stock

- Citigroup Onshore has the shared power to vote, direct the voting of, dispose of and direct the disposition of 249,314 shares of Common Stock, representing approximately 0.3% of the outstanding shares of Common Stock.

- Citigroup Cayman has the shared power to vote, direct the voting of, dispose of and direct the disposition of 312,382 shares of Common Stock, representing approximately 0.3% of the outstanding shares of Common Stock.

- Citigroup PE has the shared power to vote, direct the voting of, dispose of and direct the disposition of 1,605,540 shares of Common Stock, representing approximately 1.8% of the outstanding shares of Common Stock.

- CAI has the shared power to vote, direct the voting of, dispose of and direct the disposition of 1,605,540  shares of Common Stock, representing approximately 1.8% of the outstanding shares of Common Stock.

- CII has the shared power to vote, direct the voting of, dispose of and direct the disposition of 1,605,540  shares of Common Stock, representing approximately 1.8% of the outstanding shares of Common Stock.

- Citigroup has the shared power to vote, direct the voting of, dispose of and direct the disposition of 1,711,876 shares of Common Stock, representing approximately 1.9% of the outstanding shares of Common Stock

- HHMI has the sole power to vote, direct the voting of, dispose of and direct the disposition of 1,595,715 shares of Common Stock, representing approximately 1.8% of the outstanding shares of Common Stock.

- Northwestern does not have the sole power to vote, direct the voting of, dispose of and direct the disposition of any shares of Common Stock.

- Stanford University does not have the sole power to vote, direct the voting of, dispose of and direct the disposition of any shares of Common Stock.

- Mr. Vining has the sole power to vote, direct the voting of, dispose of and direct the disposition of 286,805 shares of Common Stock, representing approximately 0.3% of the outstanding shares of Common Stock.

- Mr. Elliott has the sole power to vote, direct the voting of, dispose of and direct the disposition of 74,422 shares of Common Stock, representing approximately 0.1% of the outstanding shares of Common Stock.

- Mr. Turnbull has the sole power to vote, direct the voting of, dispose of and direct the disposition of 32,476 shares of Common Stock, representing less than 0.1% of the outstanding shares of Common Stock.

- Mr. Verheij has the sole power to vote, direct the voting of, dispose of and direct the disposition of 40,916 shares of Common Stock, representing less than 0.1% of the outstanding shares of Common Stock.

- Mr. McQuade does not have the sole power to vote, direct the voting of, dispose of and direct the disposition of any shares of Common Stock.

- Mr. Spears has the sole power to vote, direct the voting of, dispose of and direct the disposition of 29,170 shares of Common Stock, representing less than 0.1% of the outstanding shares of Common Stock.

- Mr. St. Clair has the sole power to vote, direct the voting of, dispose of and direct the disposition of 28,932 shares of Common Stock, representing less than 0.1% of the outstanding shares of Common Stock.

- Mr. Bennett has the sole power to vote, direct the voting of, dispose of and direct the disposition of 95,605 shares of Common Stock, representing approximately 0.1% of the outstanding shares of Common Stock.

- Mr. Francisco does not have the sole power to vote, direct the voting of, dispose of and direct the disposition of any shares of Common Stock.

Item 5(c) is hereby amended and supplemented by adding the following:

Annex D attached hereto sets forth a summary of the transactions in the Common Stock effected by certain Reporting Persons within the past 60 days.

\*    \*    \*    \*

Each of the undersigned is responsible for the accuracy and completeness of the information in this Amendment No. 3 to Schedule 13D concerning himself or itself, and is not responsible for the accuracy or completeness of the information in this Schedule 13D concerning any other signatories.

27

# SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date: February 11, 2010

**ARCLIGHT ENERGY PARTNERS FUND I, L.P.**
By: ArcLight PEF GP, LLC, its
General Partner
By: ArcLight Capital Holdings,
LLC, its Manager
By: /s/Daniel R. Revers
Name: Daniel R. Revers
Title: Manager

## SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.


Date:  February 11, 2010


**ARCLIGHT ENERGY PARTNERS FUND II, L.P.**
By: ArcLight PEF GP II, LLC,
its General Partner
By: ArcLight Capital Holdings, LLC,
its Manager
By:  /s/Daniel R. Revers
Name: Daniel R. Revers
Title: Manager

## SIGNATURE

        After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010

**ARCLIGHT PEF GP, LLC**

By: ArcLight Capital Holdings, LLC,
its Manager
By:  /s/Daniel R. Revers                            
Name: Daniel R. Revers
Title: Manager

## SIGNATURE

        After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010

**ARCLIGHT PEF GP II, LLC**

By: ArcLight Capital Holdings, LLC,
its Manager
By: /s/Daniel R. Revers                 
Name: Daniel R. Revers
Title: Manager

---

**SIGNATURE**

       After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010

**ARCLIGHT CAPITAL HOLDINGS, LLC**

By:  /s/Daniel R. Revers                                              
Name: Daniel R. Revers
Title: Manager

---

### SIGNATURE

        After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010


    /s/Daniel R. Revers
Daniel R. Revers

# SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010


___/s/Robb E. Turner_____
Robb E. Turner

Case 1:11-cv-06853-PAE    Document 1    Filed 09/29/11    Page 43 of 73

**SIGNATURE**

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010


   /s/John F. Erhard_____
John F. Erhard

# SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010


**CAISSE DE DÉPÔT ET PLACEMENT DU QUÉBEC**
By:  /s/Ghislain Gauthier
Name: Ghislain Gauthier
Title: Senior Vice-President

By:  /s/Cyrille Vittecoq
Name: Cyrille Vittecoq
Title: Vice-President, Investments

**SIGNATURE**

        After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010

**CASCADE INVESTMENT, L.L.C.**
By:    /s/Alan Heuberger              
Name: Alan Heuberger [(1)]
Title:  Attorney-in-fact for Michael Larson,
        Business Manager

    [(1)]  Duly authorized under Special Limited Power of Attorney appointing Alan Heuberger attorney-in-fact, dated August 12, 2008, by and on behalf of Michael Larson, and attached as Exhibit 99.1 to Amendment No. 1 to Cascade's Schedule 13D with respect to Otter Tail Corporation filed on April 15, 2009, SEC File No. 005-06638 and incorporated by reference herein.

**SIGNATURE**

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010


**WILLIAM H. GATES III**

By:      /s/Alan Heuberger
Name:Alan Heuberger [(1)]
Title:  Attorney-in-fact


[(1)]  Duly authorized under Special Limited Power of Attorney appointing Alan Heuberger attorney-in-fact, dated August 12, 2008, by and on behalf of William H. Gates III, and attached as Exhibit 99.2 to Amendment No. 1 to Cascade Investment, L.L.C.'s Schedule 13D with respect to Otter Tail Corporation filed on April 15, 2009, SEC File No. 005-06638 and incorporated by reference herein.

**SIGNATURE**

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date: February 11, 2010

**CITIGROUP CAPITAL PARTNERS II 2006**
**CITIGROUP INVESTMENT, L.P.**
By: Citigroup Private Equity LP,
its general partner
By: /s/Jason Ment
Name: Jason Ment
Title: Secretary

**SIGNATURE**

   After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010


**CITIGROUP CAPITAL PARTNERS II EMPLOYEE MASTER FUND, L.P.**
By: Citigroup Private Equity LP, its
general partner
By:  /s/Jason Ment_____
Name: Jason Ment
Title: Secretary

Case 1:11-cv-06853-PAE    Document 1    Filed 09/29/11    Page 49 of 73

**SIGNATURE**

       After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010

**CITIGROUP CAPITAL PARTNERS II ONSHORE, L.P.**
By: Citigroup Private Equity LP,
its general partner
By:  /s/Jason Ment_____
Name: Jason Ment
Title: Secretary

Case 1:11-cv-06853-PAE   Document 1   Filed 09/29/11   Page 50 of 73

## SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010

**CITIGROUP CAPITAL PARTNERS II CAYMAN**
**HOLDINGS, L.P.**
By: Citigroup Private Equity LP,
its general partner
By: /s/Jason Ment⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Name: Jason Ment
Title: Secretary

## SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.


Date:  February 11, 2010


**CITIGROUP PRIVATE EQUITY LP**


By: /s/Jason Ment
Name: Jason Ment
Title: Secretary

**SIGNATURE**

     After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.


Date:  February 11, 2010


**CITIGROUP ALTERNATIVE INVESTMENTS LLC**


By:  /s/Jason Ment_____
Name: Jason Ment
Title: Assistant Secretary

**SIGNATURE**

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010


**CITIGROUP INVESTMENTS INC.**


By:  /s/Craig Barrack
Name: Craig Barrack
Title: Director

## SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010

**CITIGROUP INC.**

By:  /s/Ali L. Karshan
Name: Ali L. Karshan
Title: Assistant Secretary

## SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010

**HOWARD HUGHES MEDICAL INSTITUTE**
By:  /s/Craig A. Alexander
Name: Craig A. Alexander
Title: Vice President and General Counsel

## SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.


Date:  February 11, 2010


**THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY**
By:___/s/Howard Stern_____
Name: Howard Stern
Title: Its Authorized Representative

# SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010

**THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY**
By:      The Stanford Management Company,
           a division thereof

By:  /s/Mark H. Hayes
Name:  Mark H. Hayes
Title: Director of Natural Resources Investments

**SIGNATURE**

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date:  February 11, 2010


 /s/Paul Vining
Paul Vining

**Annex D**

The following is a list of transactions in shares of the Issuer's Common Stock, which to the best knowledge of the applicable Reporting Person have been effected in the past 60 days in the ordinary course of business.

Transfers Pursuant to the Letter Agreement

Set forth below is a summary of the shares of Common Stock required to be transferred by the applicable Reporting Person to Mr. Vining as of January 29, 2010 pursuant to the Letter Agreement.

| | |
|---|---|
| ArcLight Energy Partners Fund I, LP | 53,028 |
| ArcLight Energy Partners Fund II, LP | 42,469 |
| Cascade Investment, LLC | 17,421 |
| Caise de Depot et Placement du Quebec | 16,705 |
| Citigroup Capital Partners II 2006 Citigroup Investment, LP | 3,581 |
| Citigroup Capital Partners II Employee Master Fund, LP | 4,030 |
| Citigroup Capital Partners II Onshore, LP | 1,815 |
| Citigroup Capital Partners II Cayman Holdings, LP | 2,282 |
| Howard Hughes Medical Institute | 11,625 |
| The Northwestern Mutual Life Company | 8,844 |
| The Board of Trustees of the Leland Stanford Junior University | 4,747 |

Sales by Caisse

Set forth below is a summary of the additional shares of Common Stock sold by Caisse in open market transactions on the dates and for the prices specified below.

| Date | Quantity | Price per share |
|---|---|---|
| 01/22/2010 | 132,058 | $17.92 |
| 01/26/2010 | 300,000 | $17.94 |
| 01/26/2010 | 167,942 | $17.58 |

Acquisitions by Stanford University

On February 2, 2010, Stanford University acquired 4,747 shares of Common Stock in open market transactions at a price of $16.99 per share.

Acquisitions by Northwestern

On February 1, 2010, Northwestern acquired 8,844 shares of Common Stock in open market transactions at a price of $15.9992 per share.

Sales by Mr. Verheij

On January 8, 2010, Mr. Verheij sold 10,230 shares of Common Stock in open market transaction at a price of $20.378402 per share.

Sales by Mr. St. Clair

On December 28, 2009, Mr. St. Clair sold 2,000 shares of Common Stock in open market transactions at a price of $14.41 per share.

Transactions by Mr. Bennett

Mr. Bennett received an award of 6,358 restricted shares of Common Stock on January 4, 2010 under the Patriot 2007 Long-Term Equity Incentive Plan (the "Plan"). The restricted stock awarded under the Plan will ratably vest in annual installments over a period of three years following the grant date; i.e., 33.33% of the award will be vested on the first anniversary of the grant date, 66.66% of the award will be vested on the second anniversary of the grant date and 100% of the award will be vested on the third anniversary of the grant date. The restricted stock will become fully vested if the Mr. Bennett terminates employment with the Issuer because of death or disability, or if a change in control occurs. In the event that Mr. Bennett's employment is terminated without cause or by Mr. Bennett for good reason, the restricted stock will vest with respect to the percentage of shares of Common Stock of the Issuer that would have otherwise vested on the next vesting date.

Mr. Bennett also received 12,716 non-qualified stock options on January 4, 2010 at an exercise price of $17.30 per share under the Plan.   The stock options will be 33.33% exercisable on January 4, 2011, 33.33% exercisable on January 4, 2012 and 33.34% exercisable on January 4, 2013 or earlier if Mr. Bennett terminates employment with the Issuer because of death or disability, or if a change in control occurs.  In the event that Mr. Bennett's employment is terminated without cause or by Mr. Bennett for good reason, the stock options will vest and become exercisable with respect to the percentage of shares of Common Stock of the Issuer that would have otherwise vested on the next vesting date.  Except as provided in the preceding sentence, any part of the stock options that are not exercisable will be terminated if Mr. Bennett terminates employment with The Issuer for any reason other than death or disability prior to the time such stock options have become vested and exercisable.  No stock options can be exercised more than ten years after the date of grant, but the ability to exercise the stock options may terminate sooner upon the occurrence of certain events.

Finally, Mr. Bennett received 6,538 performance-based restricted stock units (the "RSUs") under the Plan.  The RSU's granted are subject to satisfaction of certain performance-based parameters tied to total shareholder return ("TSR") relative to a peer group (or satisfaction of a specified TSR (the "Minimum TSR")), as described in the award agreement.  The RSUs will vest on December 31, 2012, or earlier if Mr. Bennett terminates employment with the Issuer because of death or disability, or if a change in control occurs.  The number of shares reported represent the minimum number of shares that may be awarded if the actual TSR exceeds the Minimum TSR.  All unvested RSUs will be forfeited if Mr. Bennett terminates employment with the Issuer for any reason other than death or disability, provided however, in the event that Mr. Bennett's employment is terminated without cause or by Mr. Bennett for good reason, a pro rata portion of the RSUs will vest.

Transactions by Mr. Vining

Set forth below is a summary of the additional shares of Common Stock sold by Mr. Vining in open market transactions on the dates and for the prices specified below.

| Date | Quantity | Per Share Price |
|------|----------|-----------------|
| 01/29/2010 | 573 | $15.45 |
| 01/29/2010 | 573 | $15.61 |
| 01/29/2010 | 573 | $15.67 |
| 01/29/2010 | 573 | $16.20 |
| 01/29/2010 | 573 | $16.25 |
| 01/29/2010 | 373 | $16.51 |
| 01/29/2010 | 200 | $16.52 |
| 01/29/2010 | 573 | $16.56 |
| 01/29/2010 | 573 | $16.63 |
| 01/29/2010 | 400 | $16.68 |
| 01/29/2010 | 173 | $16.69 |
| 01/29/2010 | 573 | $16.83 |
| 01/29/2010 | 573 | $17.14 |
| 01/29/2010 | 573 | $17.17 |
| 01/29/2010 | 573 | $17.40 |
| 01/29/2010 | 573 | $17.50 |
| 01/27/2010 | 100 | $15.99 |
| 01/27/2010 | 100 | $16.13 |
| 01/27/2010 | 100 | $16.16 |
| 01/27/2010 | 100 | $16.20 |
| 01/27/2010 | 100 | $16.25 |
| 01/27/2010 | 100 | $16.27 |
| 01/27/2010 | 100 | $16.31 |
| 01/27/2010 | 100 | $16.37 |
| 01/27/2010 | 100 | $16.43 |
| 01/27/2010 | 100 | $16.44 |

| Date | Quantity | Per Share Price |
|------|----------|-----------------|
| 01/27/2010 | 300 | $16.45 |
| 01/27/2010 | 100 | $16.46 |
| 01/27/2010 | 300 | $16.56 |
| 01/27/2010 | 100 | $16.57 |
| 01/27/2010 | 100 | $16.59 |
| 01/27/2010 | 100 | $16.60 |
| 01/27/2010 | 200 | $16.63 |
| 01/27/2010 | 100 | $16.68 |
| 01/27/2010 | 100 | $16.71 |
| 01/27/2010 | 300 | $16.72 |
| 01/27/2010 | 100 | $16.73 |
| 01/27/2010 | 100 | $16.78 |
| 01/27/2010 | 200 | $16.85 |
| 01/27/2010 | 200 | $16.87 |
| 01/27/2010 | 500 | $16.88 |
| 01/27/2010 | 200 | $16.89 |
| 01/27/2010 | 100 | $16.90 |
| 01/27/2010 | 100 | $16.91 |
| 01/27/2010 | 200 | $16.92 |
| 01/27/2010 | 500 | $16.93 |
| 01/27/2010 | 100 | $16.94 |
| 01/27/2010 | 100 | $16.95 |
| 01/27/2010 | 200 | $16.96 |
| 01/27/2010 | 100 | $16.97 |
| 01/27/2010 | 100 | $17.00 |
| 01/27/2010 | 100 | $17.03 |
| 01/27/2010 | 100 | $17.04 |
| 01/27/2010 | 100 | $17.06 |
| 01/27/2010 | 100 | $17.10 |

| Date | Quantity | Per Share Price |
|------|----------|-----------------|
| 01/27/2010 | 100 | $17.13 |
| 01/27/2010 | 200 | $17.15 |
| 01/27/2010 | 100 | $17.33 |
| 01/27/2010 | 100 | $17.35 |
| 01/27/2010 | 100 | $17.49 |
| 01/27/2010 | 100 | $17.54 |
| 01/27/2010 | 100 | $17.57 |
| 01/27/2010 | 100 | $17.59 |
| 01/27/2010 | 100 | $17.62 |
| 01/27/2010 | 100 | $17.65 |
| 01/28/2010 | 500 | $16.81 |
| 01/28/2010 | 1,000 | $16.95 |
| 01/28/2010 | 1,000 | $16.97 |
| 01/28/2010 | 1,000 | $16.98 |
| 01/28/2010 | 1,500 | $17.05 |
| 01/28/2010 | 800 | $17.08 |
| 01/28/2010 | 200 | $17.09 |
| 01/28/2010 | 500 | $17.22 |
| 01/28/2010 | 500 | $17.25 |
| 01/25/2010 | 100 | $17.23 |
| 01/25/2010 | 100 | $17.31 |
| 01/25/2010 | 200 | $17.36 |
| 01/25/2010 | 100 | $17.37 |
| 01/25/2010 | 100 | $17.38 |
| 01/25/2010 | 200 | $17.39 |
| 01/25/2010 | 100 | $17.41 |
| 01/25/2010 | 200 | $17.45 |
| 01/25/2010 | 200 | $17.48 |
| 01/25/2010 | 300 | $17.49 |

| Date | Quantity | Per Share Price |
|------|----------|-----------------|
| 01/25/2010 | 100 | $17.50 |
| 01/25/2010 | 200 | $17.52 |
| 01/25/2010 | 500 | $17.53 |
| 01/25/2010 | 200 | $17.54 |
| 01/25/2010 | 400 | $17.55 |
| 01/25/2010 | 100 | $17.56 |
| 01/25/2010 | 600 | $17.57 |
| 01/25/2010 | 100 | $17.58 |
| 01/25/2010 | 200 | $17.60 |
| 01/25/2010 | 200 | $17.61 |
| 01/25/2010 | 500 | $17.62 |
| 01/25/2010 | 100 | $17.63 |
| 01/25/2010 | 400 | $17.64 |
| 01/25/2010 | 200 | $17.65 |
| 01/25/2010 | 100 | $17.66 |
| 01/25/2010 | 100 | $17.67 |
| 01/25/2010 | 100 | $17.68 |
| 01/25/2010 | 200 | $17.71 |
| 01/25/2010 | 100 | $17.72 |
| 01/25/2010 | 200 | $17.74 |
| 01/25/2010 | 100 | $17.80 |
| 01/25/2010 | 200 | $17.82 |
| 01/25/2010 | 200 | $17.84 |
| 01/25/2010 | 100 | $17.88 |
| 01/25/2010 | 200 | $17.91 |
| 01/26/2010 | 1,000 | $17.05 |
| 01/26/2010 | 400 | $17.14 |
| 01/26/2010 | 500 | $17.67 |
| 01/26/2010 | 500 | $17.71 |

| Date | Quantity | Per Share Price |
|------|----------|-----------------|
| 01/26/2010 | 600 | $17.92 |
| 01/26/2010 | 1,000 | $17.94 |
| 01/26/2010 | 1,000 | $17.95 |
| 01/26/2010 | 1,000 | $18 |
| 01/26/2010 | 1,000 | $18.28 |
| 01/21/2010 | 100 | $17.56 |
| 01/21/2010 | 100 | $17.59 |
| 01/21/2010 | 100 | $17.61 |
| 01/21/2010 | 200 | $17.64 |
| 01/21/2010 | 200 | $17.67 |
| 01/21/2010 | 100 | $17.68 |
| 01/21/2010 | 100 | $17.69 |
| 01/21/2010 | 300 | $17.71 |
| 01/21/2010 | 100 | $17.72 |
| 01/21/2010 | 100 | $17.74 |
| 01/21/2010 | 100 | $17.75 |
| 01/21/2010 | 100 | $17.76 |
| 01/21/2010 | 100 | $17.77 |
| 01/21/2010 | 100 | $17.78 |
| 01/21/2010 | 100 | $17.79 |
| 01/21/2010 | 200 | $17.82 |
| 01/21/2010 | 100 | $17.84 |
| 01/21/2010 | 200 | $17.86 |
| 01/21/2010 | 200 | $17.87 |
| 01/21/2010 | 200 | $17.88 |
| 01/21/2010 | 200 | $17.91 |
| 01/21/2010 | 100 | $17.92 |
| 01/21/2010 | 200 | $17.95 |
| 01/21/2010 | 100 | $17.97 |

| Date | Quantity | Per Share Price |
|------|----------|-----------------|
| 01/21/2010 | 100 | $17.98 |
| 01/21/2010 | 200 | $17.99 |
| 01/21/2010 | 300 | $18.00 |
| 01/21/2010 | 100 | $18.01 |
| 01/21/2010 | 100 | $18.03 |
| 01/21/2010 | 100 | $18.04 |
| 01/21/2010 | 200 | $18.05 |
| 01/21/2010 | 200 | $18.06 |
| 01/21/2010 | 100 | $18.12 |
| 01/21/2010 | 100 | $18.13 |
| 01/21/2010 | 100 | $18.15 |
| 01/21/2010 | 100 | $18.17 |
| 01/21/2010 | 100 | $18.18 |
| 01/21/2010 | 100 | $18.23 |
| 01/21/2010 | 100 | $18.33 |
| 01/21/2010 | 100 | $18.34 |
| 01/21/2010 | 100 | $18.47 |
| 01/21/2010 | 100 | $18.51 |
| 01/21/2010 | 200 | $18.53 |
| 01/21/2010 | 100 | $18.68 |
| 01/21/2010 | 100 | $18.7 |
| 01/21/2010 | 100 | $18.72 |
| 01/21/2010 | 100 | $18.86 |
| 01/21/2010 | 100 | $18.87 |
| 01/21/2010 | 100 | $19.02 |
| 01/21/2010 | 100 | $19.03 |
| 01/21/2010 | 100 | $19.15 |
| 01/21/2010 | 100 | $19.16 |
| 01/21/2010 | 100 | $19.21 |

| Date | Quantity | Per Share Price |
|---|---|---|
| 01/21/2010 | 100 | $19.32 |
| 01/22/2010 | 500 | $17 |
| 01/22/2010 | 500 | $17.1 |
| 01/22/2010 | 500 | $17.35 |
| 01/22/2010 | 500 | $17.38 |
| 01/22/2010 | 500 | $17.48 |
| 01/22/2010 | 500 | $17.49 |
| 01/22/2010 | 500 | $17.96 |
| 01/22/2010 | 2,000 | $18.33 |
| 01/22/2010 | 300 | $18.35 |
| 01/22/2010 | 1,200 | $18.38 |
| 01/20/2010 | 500 | $20.16 |
| 01/20/2010 | 500 | $20.19 |
| 01/20/2010 | 500 | $20.2 |
| 01/20/2010 | 2,000 | $20.21 |
| 01/20/2010 | 1,000 | $20.22 |
| 01/20/2010 | 900 | $20.24 |
| 01/20/2010 | 500 | $20.25 |
| 01/20/2010 | 100 | $20.26 |
| 01/20/2010 | 500 | $20.35 |
| 01/20/2010 | 500 | $20.57 |
| 01/15/2010 | 1,000 | $20.15 |
| 01/15/2010 | 500 | $20.03 |
| 01/15/2010 | 500 | $20.06 |
| 01/15/2010 | 1,000 | $20.07 |
| 01/15/2010 | 500 | $20.08 |
| 01/15/2010 | 1,000 | $20.1 |
| 01/15/2010 | 2,000 | $20.11 |
| 01/15/2010 | 500 | $20.64 |

| Date | Quantity | Per Share Price |
|------|----------|-----------------|
| 01/19/2010 | 100 | $20.02 |
| 01/19/2010 | 100 | $20.07 |
| 01/19/2010 | 100 | $20.15 |
| 01/19/2010 | 100 | $20.22 |
| 01/19/2010 | 100 | $20.26 |
| 01/19/2010 | 100 | $20.27 |
| 01/19/2010 | 100 | $20.28 |
| 01/19/2010 | 100 | $20.31 |
| 01/19/2010 | 100 | $20.33 |
| 01/19/2010 | 200 | $20.34 |
| 01/19/2010 | 300 | $20.36 |
| 01/19/2010 | 100 | $20.37 |
| 01/19/2010 | 200 | $20.38 |
| 01/19/2010 | 200 | $20.39 |
| 01/19/2010 | 100 | $20.4 |
| 01/19/2010 | 100 | $20.43 |
| 01/19/2010 | 100 | $20.44 |
| 01/19/2010 | 100 | $20.46 |
| 01/19/2010 | 200 | $20.48 |
| 01/19/2010 | 200 | $20.49 |
| 01/19/2010 | 200 | $20.5 |
| 01/19/2010 | 100 | $20.53 |
| 01/19/2010 | 100 | $20.54 |
| 01/19/2010 | 100 | $20.55 |
| 01/19/2010 | 100 | $20.57 |
| 01/19/2010 | 200 | $20.61 |
| 01/19/2010 | 200 | $20.62 |
| 01/19/2010 | 100 | $20.63 |
| 01/19/2010 | 100 | $20.66 |

| Date | Quantity | Per Share Price |
|------|----------|-----------------|
| 01/19/2010 | 200 | $20.69 |
| 01/19/2010 | 100 | $20.79 |
| 01/19/2010 | 100 | $20.82 |
| 01/19/2010 | 200 | $20.89 |
| 01/19/2010 | 100 | $20.9 |
| 01/19/2010 | 200 | $20.92 |
| 01/19/2010 | 100 | $20.93 |
| 01/19/2010 | 100 | $20.97 |
| 01/19/2010 | 100 | $21.01 |
| 01/19/2010 | 100 | $21.04 |
| 01/19/2010 | 100 | $21.06 |
| 01/19/2010 | 100 | $21.09 |
| 01/19/2010 | 100 | $21.11 |
| 01/19/2010 | 178 | $21.14 |
| 01/19/2010 | 100 | $21.16 |
| 01/19/2010 | 100 | $21.18 |
| 01/19/2010 | 100 | $21.19 |

In addition, Mr. Vining received an award of 23,121 restricted shares of Common Stock on January 4, 2010 under the Patriot 2007 Long-Term Equity Incentive Plan (the "Plan"). The restricted stock awarded under the Plan will ratably vest in annual installments over a period of three years following the grant date; i.e., 33.33% of the award will be vested on the first anniversary of the grant date, 66.66% of the award will be vested on the second anniversary of the grant date and 100% of the award will be vested on the third anniversary of the grant date. The restricted stock will become fully vested if the Mr. Vining terminates employment with the Issuer because of death or disability, or if a change in control occurs. In the event that Mr. Vining's employment is terminated without cause or by Mr. Vining for good reason, the restricted stock will vest with respect to the percentage of shares of Common Stock of the Issuer that would have otherwise vested on the next vesting date.

Mr. Vining also received 46,242 non-qualified stock options on January 4, 2010 at an exercise price of $15.45 per share under the Plan.  The stock options will be 33.33% exercisable on January 4, 2011, 33.33% exercisable on January 4, 2012 and 33.34% exercisable on January 4, 2013 or earlier if Mr. Vining terminates employment with the Issuer because of death or disability, or if a change in control occurs.  In the event that Mr. Vining's employment is terminated without cause or by Mr. Vining for good reason, the stock options will vest and become exercisable with respect to the percentage of shares of Common Stock of the Issuer that would have otherwise vested on the next vesting date.  Except as provided in the preceding sentence, any part of the stock options that are not exercisable will be terminated if Mr. Vining terminates employment with the Issuer for any reason other than death or disability prior to the time such stock options have become vested and exercisable.  No stock options can be exercised more than ten years

after the date of grant, but the ability to exercise the stock options may terminate sooner upon the occurrence of certain events.

Finally, Mr. Vining received 23,121 performance-based restricted stock units (the "RSUs") under the Plan.  The RSUs are subject to satisfaction of certain performance-based parameters tied to total shareholder return ("TSR") relative to a peer group (or satisfaction of a specified TSR (the "Minimum TSR")), as described in the award agreement.  The RSUs will vest on December 31, 2012, or earlier if Mr. Vining terminates employment with the Issuer because of death or disability, or if a change in control occurs.  The number of shares reported represent the minimum number of shares that may be awarded if the actual TSR exceeds the Minimum TSR.  All unvested RSUs will be forfeited if Mr. Vining terminates employment with the Issuer for any reason other than death or disability, provided however, in the event that Mr. Vining's employment is terminated without cause or by Mr. Vining for good reason, a pro rata portion of the RSUs will vest.

Transactions by Citigroup

Set forth below is a list of transactions in shares of the Issuer's Common Stock, which to the best of the knowledge of Citigroup Inc., have been effected in the past 60 days in the ordinary course of business.  Citigroup Inc., through its subsidiaries, engaged in the following open market transactions, which are summarized below, to report (i) the total amount of shares that were the subject of transactions effected on each day and (ii) the lowest and highest price per share at which the transactions were effected:

| Trade Date | Purchase or Sale | Quantity | Low Price | High Price |
|---|---|---|---|---|
| 01/28/2010 | Purchase | 41,985 | $16.71 | $17.36 |
| 01/28/2010 | Sale | 46,108 | $16.71 | $17.35 |
| 01/27/2010 | Purchase | 86,351 | $16.00 | $17.59 |
| 01/27/2010 | Sale | 97,274 | $16.00 | $17.22 |
| 01/26/2010 | Purchase | 52,150 | $16.94 | $18.31 |
| 01/26/2010 | Sale | 77,369 | $16.95 | $18.31 |
| 01/25/2010 | Purchase | 56,443 | $17.30 | $17.92 |
| 01/25/2010 | Sale | 47,695 | $17.34 | $17.86 |
| 01/22/2010 | Purchase | 53,834 | $16.75 | $18.49 |
| 01/22/2010 | Sale | 60,565 | $16.75 | $18.48 |
| 01/21/2010 | Purchase | 189,045 | $17.57 | $19.17 |
| 01/21/2010 | Sale | 133,874 | $17.57 | $19.26 |
| 01/20/2010 | Purchase | 20,251 | $20.10 | $20.57 |
| 01/20/2010 | Sale | 22,690 | $20.10 | $20.57 |
| 01/19/2010 | Purchase | 254,811 | $20.00 | $21.17 |
| 01/19/2010 | Sale | 74,295 | $20.00 | $21.15 |
| 01/15/2010 | Purchase | 45,308 | $19.75 | $20.21 |

| Trade Date | Purchase or Sale | Quantity | Low Price | High Price |
|---|---|---|---|---|
| 01/15/2010 | Sale | 68,126 | $12.50 | $20.64 |
| 01/14/2010 | Purchase | 38,238 | $20.55 | $21.18 |
| 01/14/2010 | Sale | 59,460 | $20.65 | $21.22 |
| 01/13/2010 | Purchase | 122,336 | $20.10 | $21.32 |
| 01/13/2010 | Sale | 218,408 | $20.12 | $21.36 |
| 01/12/2010 | Purchase | 235,891 | $19.29 | $20.85 |
| 01/12/2010 | Sale | 367,748 | $19.30 | $20.85 |
| 01/11/2010 | Purchase | 172,892 | $20.10 | $21.93 |
| 01/11/2010 | Sale | 244,050 | $20.10 | $22.07 |
| 01/8/2010 | Purchase | 124,690 | $18.86 | $20.60 |
| 01/8/2010 | Sale | 115,793 | $18.86 | $20.60 |
| 01/7/2010 | Purchase | 108,634 | $18.59 | $19.37 |
| 01/7/2010 | Sale | 101,184 | $18.59 | $19.38 |
| 01/6/2010 | Purchase | 114,334 | $18.58 | $19.17 |
| 01/6/2010 | Sale | 103,963 | $18.58 | $19.18 |
| 01/5/2010 | Purchase | 63,094 | $17.44 | $18.38 |
| 01/5/2010 | Sale | 78,449 | $17.36 | $18.29 |
| 01/4/2010 | Purchase | 32,600 | $16.37 | $17.30 |
| 01/4/2010 | Sale | 27,898 | $16.03 | $17.30 |
| 12/31/2009 | Purchase | 24,858 | $15.46 | $15.72 |
| 12/31/2009 | Sale | 21,141 | $15.46 | $15.72 |
| 12/30/2009 | Purchase | 5,245 | $15.34 | $15.62 |
| 12/30/2009 | Sale | 6,014 | $15.34 | $15.64 |
| 12/29/2009 | Purchase | 22,551 | $15.76 | $16.48 |
| 12/29/2009 | Sale | 23,281 | $15.75 | $16.48 |
| 12/28/2009 | Purchase | 38,334 | $16.20 | $17.05 |
| 12/28/2009 | Sale | 52,379 | $16.20 | $17.05 |
| 12/24/2009 | Purchase | 21,619 | $16.28 | $16.67 |

| Trade Date | Purchase or Sale | Quantity | Low Price | High Price |
|---|---|---|---|---|
| 12/24/2009 | Sale | 26,204 | $16.36 | $16.65 |
| 12/23/2009 | Purchase | 75,982 | $15.00 | $16.30 |
| 12/23/2009 | Sale | 73,312 | $14.85 | $16.34 |
| 12/22/2009 | Purchase | 31,490 | $14.12 | $14.80 |
| 12/22/2009 | Sale | 57,845 | $14.20 | $14.80 |
| 12/21/2009 | Purchase | 44,966 | $13.89 | $14.55 |
| 12/21/2009 | Sale | 327,971 | $13.89 | $14.55 |
| 12/18/2009 | Purchase | 256,106 | $13.78 | $14.00 |
| 12/18/2009 | Sale | 441,903 | $13.69 | $14.08 |
| 12/17/2009 | Purchase | 18,711 | $13.48 | $13.85 |
| 12/17/2009 | Sale | 11,045 | $13.50 | $13.96 |
| 12/16/2009 | Purchase | 18,795 | $13.75 | $14.30 |
| 12/16/2009 | Sale | 21,131 | $13.74 | $14.30 |
| 12/15/2009 | Purchase | 36,852 | $13.45 | $13.80 |
| 12/15/2009 | Sale | 36,385 | $13.20 | $13.80 |
| 12/14/2009 | Purchase | 34,251 | $13.00 | $13.46 |
| 12/14/2009 | Sale | 31,092 | $13.00 | $13.45 |
| 12/11/2009 | Purchase | 19,404 | $12.66 | $12.86 |
| 12/11/2009 | Sale | 57,343 | $12.66 | $12.86 |
| 12/10/2009 | Purchase | 13,402 | $12.53 | $12.67 |
| 12/10/2009 | Sale | 24,714 | $12.42 | $12.67 |
| 12/9/2009 | Purchase | 10,380 | $12.02 | $12.31 |
| 12/9/2009 | Sale | 14,674 | $12.02 | $12.31 |
| 12/8/2009 | Purchase | 21,302 | $12.00 | $12.26 |
| 12/8/2009 | Sale | 21,488 | $12.00 | $12.27 |
| 12/7/2009 | Purchase | 58,341 | $12.09 | $12.38 |
| 12/7/2009 | Sale | 81,980 | $12.10 | $12.40 |
| 12/4/2009 | Purchase | 103,720 | $11.95 | $13.06 |

| Trade Date | Purchase or Sale | Quantity | Low Price | High Price |
|---|---|---|---|---|
| 12/4/2009 | Sale | 171,899 | $11.95 | $13.08 |
| 12/3/2009 | Purchase | 31,696 | $12.57 | $12.94 |
| 12/3/2009 | Sale | 60,565 | $12.61 | $12.99 |
| 12/2/2009 | Purchase | 35,232 | $12.79 | $13.00 |
| 12/2/2009 | Sale | 42,126 | $12.57 | $13.12 |
| 12/1/2009 | Purchase | 16,183 | $12.40 | $12.65 |
| 12/1/2009 | Sale | 16,971 | $12.40 | $12.74 |
| 11/30/2009 | Purchase | 75,830 | $12.22 | $12.98 |
| 11/30/2009 | Sale | 124,408 | $12.17 | $12.98 |